# Carll, Appellant, *v.* Brown.

*Negligence—Master and servant—Dangerous machinery—Oiling machinery in motion—Contributory negligence—Nonsuit.*

In an action by an employee to recover damages for personal injuries sustained while filling an oil cup attached to machinery in defendant's lumber mill, a nonsuit was properly entered where it appeared that the cup was in dangerous proximity to moving machinery; that plaintiff had not been instructed to fill the cup while the machinery was in motion or at any particular time; that it needed to be filled but once a day, and that he could have done it at intervals during the day when the machinery was stopped or in the evening after the day's work was over, when he was required to be at the mill for the purpose of cleaning up.

Argued Sept. 28, 1915. Appeal, No. 234, Oct. T., 1915, by plaintiff, from judgment of C. P. Forest Co., Feb. T., 1914, No. 18, refusing to take off nonsuit in case of Warren Carll v. Frank K. Brown. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Hinckley, P. J. The accident occurred in defendant's lumber mill.

Further facts appear by the opinion of the Supreme Court.

The court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit.

*Edmond C. Breene,* with him *Wm. J. Breene* and *A. C. Brown,* for appellant.

*F. J. Maffett,* with him *T. F. Richey* and *H. M. Rimer,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The defendant was charged with negligence in failing to properly guard dangerous machinery. The trial judge entered judgment of compulsory nonsuit on the ground of contributory negligence on the part of the plaintiff. The latter was employed to clean up the floor of defendant's saw mill after the day's work was finished, and to oil the machinery. An oil cup was located three or four inches below the point where the cogs of a vertical and a horizontal shaft intermeshed. In order to reach the cup plaintiff would get up on the table which held the rolls, reach over the shaft, holding the oil can in his right hand, and pour the oil into the cup. He did this when the band-saw was being changed, which occurred once or twice a day. At that time the rolls were stopped, but the shafts continued in motion all day. Plaintiff was not instructed to oil the shaft in this way or in any particular way, but merely to oil the rolls and the shafting. He worked at the mill cleaning up in the evening and might have oiled the shaft at that time with perfect safety. It was necessary to oil but once a day. On the day of the accident, it appears that while the shafts and cogs were in motion, plaintiff got upon the table on his knees, placed his left hand on top of the table and held the oil can in his right hand, reaching below the cogs as far as he could, and turned the can up to the oil box. In some way the spout caught in the cogs and plaintiff's hand and arm were drawn in and injured. The court below was of opinion that "the plaintiff voluntarily and unnecessarily engaged in an apparently dangerous act in an obviously unusual and dangerous manner, and thereby became chargeable with contributory negligence." An additional reason, was that he might have oiled the shaft with safety at a time when the mill was shut down. We agree with the conclusion reached by the trial judge. We can find nothing in the evidence to show any neces-

sity for filling the oil cup, or oiling the shaft while the machinery was in motion. The oiling needed to be done but once a day, and this could have been done in safety after the machinery was stopped in the evening. He was required to be in attendance at that time in order to clean up the mill as part of his regular duty. If for any reason it was not advisable to oil the machinery at that time, no reason was shown, why it should not have been done in the morning before it was started, or at the noon hour, from twelve to one, when it appeared from the testimony, the mill was shut down, and the machinery did not run. The only fair inference to be drawn from the evidence, is that the plaintiff chose to oil the machinery when it was in motion, rather than when it was standing still, and that he did this in an obviously dangerous way. We think the trial court was fully justified in refusing to take off the judgment of compulsory nonsuit.

The assignment of error is overruled, and the judgment is affirmed.